UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KENDRA S. TOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:23-cv-00393-JPH-MG |
| | ) |
| AMELIA BRUNER, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING WITHOUT PREJUDICE MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff, Kendra Tooley, has filed a motion for assistance recruiting counsel, dkt. 50, as well as a motion for case status, dkt. 65. The Court discusses each motion below.

**I.    Motion for Assistance Recruiting Counsel**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff

1

made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the Court's determination whether to attempt to recruit counsel. *Id.* These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56. The Seventh Circuit has specifically declined to find a presumptive right to counsel in some categories of cases. *McCaa v Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

The first question, whether litigants have made a reasonable attempt to secure private counsel on their own "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682; *see also Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because the plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). Here, the Plaintiff states that she has written to attorneys, but they have either declined to represent her or have not responded to her. Dkt. 50 at 1. The Court finds that Ms. Tooley has made a reasonable effort to recruit counsel on her own before seeking the Court's assistance. She should continue her efforts to find counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate

2

those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655). "This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt*, 503 F.3d at 655).

At this stage in the case, Ms. Tooley has demonstrated that she has the capacity to litigate without the assistance of recruited counsel. The parties have conducted discovery and the Defendant has moved for summary judgment. Ms. Tooley's filings thus far have been cogent and coherent, demonstrating that she is capable of responding to the Defendant's motion for summary judgment. Ms. Tooley's claims in this case involve the Defendant's alleged deliberate indifference toward her ear infections, resulting in permanent hearing loss. *See* dkt. 1; dkt. 19. Even though medical care claims in prisons can be complex, they are not beyond the grasp of pro se litigants. *See Austin v. Hansen*, 2025 WL 1602441, at *2 (7th Cir. June 6, 2025) (upholding a district court's decision to stop searching for recruited counsel in a medical care case when the plaintiff's filings demonstrated that he could litigate the merits on his own). This case does not present novel legal issues, and at this stage the facts are within Ms. Tooley's personal knowledge or have been provided to her through discovery.

Ms. Tooley argues that she needs legal counsel to navigate the complexities of the legal system. Dkt. 50 at 1. Nevertheless, Ms. Tooley has not pointed to anything unique about her situation that merits the Court's assistance with recruiting counsel at this point in the case. Lack of legal training is a challenge faced by nearly all *pro se* incarcerated litigants, but the Court lacks the resources to appoint counsel in every case filed by an incarcerated person. *See Austin*, 2025 WL 1602441, at *2 (explaining that the inability to recruit counsel is part of the practical approach endorsed by *Pruitt*); *see also Mejia v. Pfister*, 988 F.3d 415, 419 (7th Cir. 2021) (explaining that lack of legal experience conducting a trial is true for the vast majority of *pro se* litigants).

For the above reasons, Ms. Tooley's motion for assistance recruiting counsel is **denied without prejudice**. Dkt. 50. The Court will remain alert to changes in circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial. The Court has, however, determined that she is competent to this litigate this case *pro se* through the resolution of the Defendant's summary judgment motion. Thus, she remains responsible for litigating this case and meeting all deadlines, including the deadline for responding to summary judgment, discussed below.

### II. Motion for Case Status

Ms. Tooley has also filed a motion for case status, asking for an update on the status of her motion for assistance to recruit counsel and the Defendant's motion for summary judgment. That motion, dkt. [65], is **granted** to the extent that the Court has now ruled on her motion for counsel. The Court also *sua*

*sponte* extends the deadline for Ms. Tooley to respond to the Defendant's summary judgment motion, dkt. [56], up to and including **July 18, 2025**. If she fails to file a response by that date, the Court will consider the summary judgment motion unopposed and issue a ruling.

### III.  Conclusion

Ms. Tooley's motion for assistance recruiting counsel, dkt. [50], is **denied without prejudice**. The **clerk is directed** to send Ms. Tooley a motion for assistance recruiting counsel form, which she must use if she chooses to renew her motion.

Ms. Tooley's motion for case status, dkt. [65], is **granted** to the extent stated in Section II. She has up to and including **July 18, 2025**, to file a response to the Defendant's pending summary judgment motion, dkt. [56].

The **clerk shall include** a copy of the public docket with Plaintiff's copy of this Order.

**SO ORDERED.**

Date: 6/18/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

KENDRA S. TOOLEY
260819
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
811 West 50 North
Rockville, IN 47872

Jaclyn Michelle Flint
RILEY BENNETT EGLOFF LLP
jflint@rbelaw.com